United States District Court
Southern District of Texas
**ENTERED**
August 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL NO. 4:23-CR-00346 |
| § | |
| ANDREW VENEGAS § | |

## MEMORANDUM AND ORDER

Before the Court is the defendant's, Andrew Venegas, motion to set aside the preliminary order of detention entered by the judge performing miscellaneous duty. After conditions for release were set by the Magistrate Judge, the government requested a "stay" of release pending an appeal to the Miscellaneous Judge. The requested stay was granted and the Miscellaneous Judge revoked or stayed the defendant's release from detention pending a *de novo* hearing before this Court [DE 11].

## I.

At the hearing conducted by this Court, the defendant waived calling any witnesses and presenting evidence. The government, however, called SA Campbell, who also testified at the detention hearing on July 18, 2023. In addition, the government offered in evidence, without objection, additional Exhibits 4 and 20-27, inclusive. During the preliminary hearing in this matter, Exhibits 1-3 and 7-13, inclusive, were admitted. Therefore, before the Court are the exhibits admitted in both the preliminary and current proceedings, and the transcripts of testimony recorded in both proceedings.

## II.

The evidence at this juncture is undisputed. The defendant, through the use of cellphones and tablet devices, at some point in time, began using applications ("Apps") such as Telegram App (Startk101), social media pages, MEGA a cloud-based App, Tor, a software, App BlueStacks, a cellphone emulator, Instagram accounts and perhaps other applications, devices and software to target females, both adults and minors for the purpose of obtaining pornographic images for sale and for extorting and blackmailing them. Often the images were stolen from the women's social media, in other instances the images were created by the victims at the behest of the defendant.

The evidence shows that the defendant posted screenshots, videos and photos to thousands of subscriber files of victims and offered them to subscribers for purchase and viewing. In addition, to conceal his activities, the defendant used numerous phone numbers, used Tor to encrypt messages to victims and subscribers and conducted sales using cryptocurrency.

## III.

This case is before the Court for a *de novo*, independent, review of the evidence and a determination of whether pretrial detention or release under conditions set by the Court is appropriate. Where the evidence shows, by a preponderance, that it is more likely than not that a set of conditions or combination of conditions will not ensure that the accused will appear for court proceedings and that his victims and the public are adequately protected, then a release pending trial is unauthorized. *See United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985).

Analyzing the evidence and arriving at a determination of whether to detain accused or not requires the Court to assess whether: (1) the crime(s) alleged involved minor and/or adult-victims; (2) the defendant poses a danger to the community - his victims and/or himself; (3) the defendant will comply with court appearance orders and trial; and, (4) what conditions, set by the Court, if

any, would reasonably insure that the defendant will comply with the Court's directives. *See* 18 U.S.C. § 3142(c)(3)(E); 18 U.S.C. § 3142(g).

## IV.

The defendant argues that he has no prior criminal record, his parents would serve as gatekeeper to prevent further criminal conduct and, thereby, assures that the defendant makes all court appearances and complies with other court directives. The Court is of the opinion, based on the evidence and the nature of the crimes charged that the defendant has failed to produce sufficient evidence to satisfy the strictures of §§ 3142(e) and (g) and overcome the presumption that he cannot.

First, the defendant, having been caught engaging in illicit and "ungodly" conduct, refused to cooperate with federal authorities in order that the government might discover and shut-down the defendant's operation. Moreover, the scope of the defendant's operation is still under investigation. Hence, the victims potentially remain subject to ongoing victimization by the defendant's subscribers. Also, in an age where the internet is free and generally available throughout the United States, it becomes a simple thing for the defendant, a data analyst himself, to obtain a device by theft, a friend, a family member or an unsuspecting stranger and access his trove of illicit materials. In short, there is nothing a parent or the Court can do to stop the defendant's "itch" for another visual encounter, or actually engage in another encounter with his victims, several of whom are minors.

The defendant faces a severe sentence in the range of 30 years incarceration if convicted and faces a future where he is shut out of the world of technology relative to online and internet activity. Under such circumstances the defendant is a danger to himself and his family as well as the public. This reality creates a danger far greater than if he were a major drug dealer because,

the defendant has internalized his conduct for his own satisfaction and for profit. *See United States v. Johnson*, 2020 WL 2513823 *2 (E.D.K.Y., May 15, 2020). *In Johnson,* the Court remarked:

> The 'myriad of Internet-capable devices available, including those that work with data plans rather than wifi access' . . . it would be 'almost impossible' to effectively police [the defendant's] internet use. [The Court went on to state] that it "could not adequately prohibit [the defendant] from accessing the internet in nearby libraries, restaurants, or coffeeshops; from a cell phone; or myriad [sic] other ways.

The Court agrees and concludes that the defendant has not rebutted the presumption that any set of conditions can be ordered that would protect the defendant, himself, the public, his family and his victims and insure his appearances in Court.

It is Ordered that the defendant be DETAINED pending the trial of his case.

It is so ORDERED.

SIGNED on August 21, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge