UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Criminal Number H-23-346 |
| § | |
| ANDREW VENEGAS § | |

**GOVERNMENT'S AGREED MOTION FOR A PROTECTIVE ORDER**

COMES NOW the United States of America, by and through its United States Attorney, Alamdar S. Hamdani, and Luis Batarse and Colton Turner, Assistant United States Attorneys for the Southern District of Texas, and files this Motion for Protective Order regarding victims and witnesses under Fed. R. Crim. P. 16 (d) and in support thereof would show the following:

I.

The Defendant, Andrew Venegas, has been charged with two counts of Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a) and I, two counts of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(B) and (b)(1), one count of Coercion and Enticement in violation of 18 U.S.C. § 2422(b), and one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Count One alleges Minor Victim 1 as the victim, Count Two alleges Minor Victim 2 as the victim, and Count five alleges both Minor Victim 1 and Minor Victim 2 as victims.

II.

This request is made pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure which provides: "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." See also *Alderman v. U.S.*, 394 U.S. 165, 185 (1969)

("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect").

### III.

The Government disclosed and plans to disclose certain documents, records, recorded statements and other materials as discovery that include substantial amounts of personally identifiable information, contact information, statements, photographs, and the location of Minor Victim 1, Victim 2, as well as numerous other victims and witnesses in this case. The release of this sensitive information could result in public identification of the victims, which would inflict unnecessary embarrassment and humiliation on them, and could jeopardize their safety. Accordingly, good cause exists for this Court to protect the identities, statements, locations and photographs of these victims, as well as personal information for other witnesses for the Government, which should not be disclosed to the public or to anyone outside of the defense team.

The Crime Victims' Rights Act ("CVRA") states that crime victims, such as victims of child pornography, possess a statutory "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). The CVRA directs that "[i]n any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a)." 18 U.S.C. § 3771(b)(1). And, "the attorney for the Government may assert the rights described In subsection (a)." 18 U.S.C. § 3771(d)(1).

Although the Government has redacted some information from the materials disclosed to the Defendant, these materials (e.g. police reports, recorded statements, photographs, and other records), nevertheless contain information which would cause substantial harm to the privacy and dignity of the victims were it to be released publicly. And, because of the volume of discovery in

this case, redacting all of the sensitive and identifying information is not feasible. For all these reasons, a protective order is necessary.

In light of the foregoing, the Government respectfully requests that the Court enter an order placing the following restrictions on materials containing the statements, recordings, records, identities, locations, and photographs of the victims and witnesses in this case (referred to herein as "protected material"):

1. The protected material shall not be disclosed or made available for inspection or copying to any person, except as permitted in Paragraph 2;

2. The protected material provided pursuant to this order may be further disclosed to the following people: (a) counsel for the Defendant; (b) associates, secretaries, paralegals, private investigators, and other employees or independent contractors of such attorneys to the extent necessary to render professional services in this criminal prosecution; and (c) court officials involved in this case;

3. Persons obtaining access to protected material produced pursuant to this order shall use the information only for the preparation and conduct of this criminal trial; and any connected hearings or appeals. No information disclosed pursuant to this order shall be used for any other purpose or any other proceeding;

4. The Defendant's counsel may show protected material to the Defendant in the form that it was produced by the Government. However, the Defendant's counsel must retain all copies of protected material and cannot provide the Defendant with a copy.

5. Violation of the instant Protective Order may result in sanctions. Should the parties disagree as to what constitutes protective material, they should bring the matter before the Court for litigation, rather than disobey the terms of the instant Protective Order;

and

6. This order applies to any current and future counsel for the Defendant; any objections to this order by future counsel must be raised with the Court.

IV.

The Government does not seek to limit the Defendant's counsel's access to materials, but rather seeks to ensure that the appropriate protections are in place to preserve the integrity of the more sensitive aspects of this case. The Government submits that good cause exists to grant this Motion because of the desire to protect sensitive information in the discovery materials. Furthermore, the Government submits that the relief requested will not hinder the Defendant's preparation of the Defendant's defense.

WHEREFORE, in the interest of justice and to ensure the privacy and welfare of the victims and witnesses in this case, the United States respectfully requests this Court to grant this motion and enter the proposed Protective Order.

Respectfully submitted,
ALAMDAR S. HAMDANI
United States Attorney

*s/ Luis Batarse*
Luis Batarse
Colton Turner
Assistant United States Attorneys
(713) 567-9000

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Paul Doyle and Trevor Sharon, attorneys for the defendant Andrew Venegas, on this 13th day of December 2023, and the motion is agreed.

*s/ Luis Batarse*
Luis Batarse
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Motion for Protective Order was on this 13th day of December 2023 emailed to the Defendant's attorney.

*s/ Luis Batarse*
Luis Batarse
Assistant United States Attorney