UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.      § | CRIMINAL NO. 4:23-cr-00346-S1 |
| § | |
| ANDREW VENEGAS § | |

## PRELIMINARY ORDER OF FORFEITURE

The United States moves for a Preliminary Order of Forfeiture and represents:

On March 11, 2025, Andrew Venegas ("Defendant") pleaded guilty to Counts One, Two, Three, Six and Nine of the Superseding Criminal Indictment. Counts One, Two and Three charge Defendant with **Sexual Exploitation of Children**, in violation of Title 18, United States Code, Section 2251 (a) and (e). Count Six charges Defendant with **Receipt of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and (b)(1). Count Nine charges Defendant with **Possession of Child Pornography** in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).

The Superseding Criminal Indictment provided the Defendant notice that, in the event of his conviction, the United States would seek to forfeit, pursuant to Title 18 U.S.C Section 2253(a)(2) and (a)(3), all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Counts One through Nine; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Counts One through Nine, or any property traceable to such property.

Based on the record, the Court finds that the United States has established the requisite nexus between the property listed below and the offenses of conviction. Specifically, the Defendant used the electronic devices to receive, view, and possess multiple images and files depicting child pornography, and to sexually exploit children. These images of children engaged

in sexually explicit conduct meet the federal statutory definition of child pornography as defined under federal law (18 U.S.C. 2256(2)(A)).

Accordingly, the Court ORDERS that:

1) The following property is forfeited to the United States of America:

    a)    Alienware Dell Laptop bearing serial number 1C1R563;

    b)    Apple iPhone belonging to Defendant collected on July 12, 2023;

    c)    Additional Alienware Dell Laptop collected on July 12, 2023;

    d)    Xbox Series S collected on July 12, 2023;

    e)    HP PC Series Tower Pavilion Model 400-224 bearing serial number 4CI4370J8C;

    f)    Black 8GB Samsung SM-T230NU bearing serial number R52FB005EQT; &

    g)    Black Samsung SM-A205U Cellular Phone (item 1B25) IMEI: 355369103301040,

(the "electronic devices").

2) The United States of America shall publish notice of this forfeiture order and shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

3) Any person, other than the Defendant, asserting a legal interest in the electronic devices may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of their alleged interest in the property. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in that property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in that property, and any other facts which support the petitioner's claim and the relief sought. The petition shall be filed with the United States District Clerk, Southern District of Texas,

Houston Division, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. A copy of the petition shall be sent to Tyler Foster, Assistant United States Attorney, 800 N. Shoreline Blvd., Suite 500, Corpus Christi, Texas, 78401.

4) If no one has filed a petition asserting an interest in the electronic devices, in accordance with 21 U.S.C. § 853(n) before the expiration of the period provided, any and all potential third-party petitioners will be held in default and this order will be final as to any and all third-party petitioners. See 21 U.S.C. § 853(n)(7).

5) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and Defendant's Plea Agreement, this order is final as to the Defendant and shall be made part of the sentence and included in the judgment.

Signed at Houston, Texas, on _____, 2025.

_____
Kenneth M. Hoyt
United States District Judge